Michael J. Frevola (MJF 8359)
Christopher G. Kelly (CGK 3865)
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200

MAY 1 5 2007

ATTORNEYS FOR PLAINTIFF
ROYAL CARIBBEAN CRUISES LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROYAL CARIBBEAN CRUISES LTD.,

    Plaintiff,

-against-

NATIONAL BIOFUELS, L.P. and
ENAGRA INC.

    Defendants.

07 Civ. 3353 (JSR)

**VERIFIED AMENDED COMPLAINT**

---

    Plaintiff, Royal Caribbean Cruises Ltd. ("RCL"), by and through its attorneys, Holland & Knight LLP, for its verified amended complaint against National Biofuels, L.P. ("NBF") and Enagra Inc. ("Enagra"), alleges upon information and belief as follows:

    1.    This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

    2.    At all times material herein, plaintiff RCL was and is a business entity organized and existing under the laws of the Republic of Liberia with a principal place of business at 1050 Caribbean Way, Miami, Florida 33132.

3. Upon information and belief, at all times material herein, defendant NBF was and is a business entity organized and existing under the laws of Texas, with a principal place at 5120 Woodway Drive #10010, Houston, Texas 77056.

4. Upon information and belief, at all times material herein, defendant Enagra was and is a business entity organized and existing under the laws of California, with a principal place at 5120 Woodway Drive #10010, Houston, Texas 77056. Based on information learned by RCL in the last few days, as set forth below, upon information and belief Enagra is an alter-ego of defendant NBF, is dominated by defendant NBF so as to have no separate corporate mind, and exists and is designed and intended by NBF to defeat NBF's creditors and avoid NBF's liabilities.

5. On or about December 16, 2005, RCL and NBF entered into a contract for the supply of fuel to RCL vessels (the "Contract"), the term of which Contract was January 24, 2006 to December 31, 2008. A true copy of the Contract is annexed as Exhibit 1.

6. Under the terms of the Contract, NBF was to provide fuel to vessels of the RCL fleet in periodic installments throughout the term of the Contract.

7. Under the terms of the Contract, NBF retained fuel reserved by RCL in NBF's tanks or tanker vessels pending its delivery to RCL.

8. Under the terms of the Contract, disputes between RCL and NBF are to be submitted to arbitration in New York pursuant to New York law. Enagra, as an alter-ego of NBF, likewise should be bound to NBF's agreement to arbitrate disputes with RCL in New York.

9. As set forth below, NBF has breached its obligations under the Contract by failing to provide fuel to RCL as provided under the Contract despite RCL's having performed fully under the Contract.

10. Furthermore, as set forth below, NBF's unlawful retention of RCL's fuel and seeking to sell RCL's fuel to third parties constitutes a conversion of RCL's property.

11. As a result of the foregoing, and as described below, RCL has sustained damages in the principal amount of $4,935,321.32, exclusive of interest, costs and reasonable attorneys' fees.

12. Under the Contract, RCL also is entitled to receive its interest, expenses and reasonable attorneys' fees for prosecuting its claims to completion, which amount is estimated to be $2,184,477.12, as set forth below:

| | |
|---|---|
| Interest: | $1,184,477.12 ($4,935,321.32 x 0.08/year x 3 years) |
| Attorneys' Fees/Expenses: | $ 300,000.00 |
| Total: | $2,184,477.12 |

13. Neither NBF nor Enagra are found within the Southern District of New York but do have assets, good or chattels within the jurisdiction, to wit: funds or accounts held in the name of National Biofuels, L.P. or in the name of Enagra Inc., which funds are with, upon information and belief, the following financial institutions: Bank of America, N.A.; The Bank of New York; Citibank, N.A.; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; UBS AG; Wachovia Bank, N.A.; Société Générale; Standard Chartered Bank; BNP Paribas; Calyon Investment Bank; American Express Bank; Commerzbank; ABN Amro Bank; Bank Leumi USA; Fortis Financial Groups; Banco Popular; Bank of Tokyo-Mitsubishi UFJ Ltd. or any other financial institution within the Southern District of New York.

14. The fuel in which RCL claims an interest, or the proceeds of the sale of that fuel, is now, or during the pendency of this action will be, within the jurisdiction of this Honorable Court.

15. While all disputes arising out of the Contract are to be arbitrated in New York, the action herein is submitted in accordance with Rules B, C and D of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure as well as 9 U.S.C. §8, is not and cannot be considered a waiver of the Contract's arbitration clause.

## COUNT I

## BREACH OF CONTRACT

16. RCL incorporates by reference Paragraphs 1 through 15 above.

17. Under the terms of the Contract, NBF agreed to provide RCL with fuel for its vessels pursuant to RCL's operational requirements. The Contract provided that RCL would advise NBF of the estimated amounts of fuel that RCL would require within a designated time frame, which amounts RCL then would request to be delivered to supply its vessels.

18. NBF further agreed that, in the event that it breached its obligation to provide RCL fuel under the Contract, NBF would be liable to RCL, *inter alia*, for the damages incurred by RCL in having to cover for NBF's failure to perform as required under the Contract.

19. RCL has complied with its obligations under the Contract, including having notified NBF in advance of its fuel requirements.

20. On April 17, 2007, RCL contacted NBF for the purposes of taking delivery of fuel under the Contract and in accordance with fuel requirements of which RCL previously had advised NBF. The fuel which RCL sought to be delivered under this request already had been purchased by RCL by wire transfer dated December 26, 2006 and was slated for loading aboard the cruise ships M/V INFINITY, M/V SUMMIT and M/V RADIANCE OF THE SEAS (the "Fuel").

21. NBF initially replied that it did not have sufficient inventory to fulfill RCL's request. RCL questioned this representation by NBF in light of the fact that NBF had loaded another vessel, the FAIRCHEM STEED, with fuel from its tanks that NBF had ordered to be carried as cargo to, and sold to a third party – E.D.& F. MAN Biofuels ("ED&F") – in Europe.

22. In response to RCL's question regarding the cargo on the FAIRCHEM STEED, NBF denied having any fuel stored that was reserved for RCL.

23. NBF did have the Fuel that had been reserved for RCL. NBF, however, loaded that Fuel aboard the FAIRCHEM STEED for the purpose of selling it to ED&F in Europe.

24. On April 18, 2007, RCL demanded by e-mail that NBF immediately confirm that it would honor its commitments under the Contract because the M/V INFINITY needed to be fueled for its next cruise on Sunday, April 22, 2007. In that e-mail, RCL further stated that if NBF did not confirm its intention to honor the Contract, RCL would be required to purchase MGO (marine gas oil) on the open market to cover for the Fuel NBF had refused to supply to RCL's vessel. A copy of RCL's April 18, 2007 e-mail to NBF is annexed as Exhibit 2.

25. On Thursday, May 10, 2007, RCL wrote to ED&F to advise that it was preparing to commence arrest proceedings in The Netherlands to arrest that portion of the Fuel which had been improperly loaded aboard the FAIRCHEM STEED.

26. In response to RCL's letter, ED&F replied on Friday, May 11, 2007 that the Fuel aboard the FAIRCHEM STEED already had been paid for and that such payment had been made to Enagra, not NBF. A copy of ED&F's Treasury Instruction dated May 9, 2007 reflecting the order to pay Enagra for the Fuel aboard the FAIRCHEM STEED is annexed as Exhibit 3.

27. Since being advised by ED&F that Enagra was the party to be paid for the Fuel aboard the FAIRCHEM STEED, RCL has obtained copies of some of the bills of lading for the

Fuel aboard the FAIRCHEM STEED (the "Bills of Lading"), as well as the Cargo Manifests for that cargo (the "Cargo Manifests") filed with the U.S. Department of the Treasury. Review of the Cargo Manifests shows that Enagra listed its address as the same as the address of NBF: 5120 Woodway Drive #10010, Houston, Texas 77056. Copies of the Bills of Lading and of the Cargo Manifests are annexed as Exhibits 4 and 5, respectively. Additionally, Michael Petras is listed on both the Bills of Lading and the Cargo Manifests as the designated contact person for Enagra. As shown by the document annexed as Exhibit 6 and downloaded from the Texas Department of State website, Michael Petras is a director of NBF.

28. Upon information and belief, NBF transferred ownership of the Fuel shipped under the Bill of Lading to its alter-ego Enagra without consideration in an effort to defeat NBF's creditors and avoid NBF's liabilities.

29. RCL has purchased fuel to cover the Fuel that NBF refused to deliver to RCL and to fuel the M/V INFINITY.

30. NBF's failure to deliver the Fuel to RCL, despite RCL having reserved it, paid for it, and requested delivery of it, constitutes a breach of the Contract, as a result of which RCL has been damaged and is entitled to bring this claim herein.

31. As a result of the foregoing, NBF and Enagra both are liable to RCL in the principal amount of $2,940,990.40, exclusive of interest, costs and attorneys' fees (which additional amounts are recited above in paragraph 12).

## COUNT II

## PLAINTIFFS' CONVERSION CLAIM

32. RCL incorporates by reference Paragraphs 1 through 31 above.

33. NBF has been, and still is, exercising dominion and/or control over the Fuel reserved by, paid for, and requested by RCL under the Contract.

34. Although RCL repeatedly has demanded that NBF provide the Fuel to RCL, NBF has refused to comply with RCL's demand, which refusal is inconsistent with RCL's rights thereto.

35. NBF's refusal to deliver the purchased Fuel to RCL, and its causing the Fuel to be carried on the high seas with the intent that it be sold to ED&F in Europe, constitutes the tort of conversion. As NBF's alter-ego and fraudulent transferee, Enagra likewise is liable for the conversion of the Fuel. As a result of NBF's and Enagra's conversion of the Fuel, RCL has been damaged in the principal amount of $2,940,990.40, exclusive of interest, costs and attorneys' fees (which additional amounts are recited above in paragraph 12).

## COUNT III

## BREACH OF CONTRACT

36. RCL incorporates by reference Paragraphs 1 through 35 above.

37. At various times between the commencement of the Contract and before the present, NBF's deliveries to RCL fell short of the amount requested by RCL.

38. At present, the shortfall of fuel delivered to RCL by NBF, for which shortfall RCL has paid but not received, totals approximately 6,000 metric tons.

39. NBF's failure to deliver the fuel to RCL, despite RCL having reserved it, paid for it, and requested delivery of it, constitutes a breach of the Contract, as a result of which RCL has been damaged and is entitled to bring this claim herein.

40. As a result of the foregoing, NBF is liable to RCL in the additional principal amount of $1,994,330.92, exclusive of interest, costs and attorneys' fees (which additional amounts are recited above in paragraph 12). As NBF's alter ego, Enagra likewise is liable to RCL on this claim.

**WHEREFORE**, Plaintiff Royal Caribbean Cruises Ltd. demands judgment as follows:

1. That process in due form of law according to the practice of this Court in the form of a writ of maritime attachment under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of the Civil Procedure be issued against bank accounts and other property of Defendants National Biofuels, L.P. and Enagra Inc. with the financial institutions noted above in paragraph 13;

2. That Defendants National Biofuels, L.P. and Enagra Inc. and any other person claiming an interest therein may be cited to appear and answer the matters aforesaid;

3. That judgment be entered in favor of Plaintiff Royal Caribbean Cruises Ltd. and against Defendants National Biofuels, L.P. and Enagra Inc. in the amount of $7,119,798.44 (including interest, expenses and attorneys' fees);

4. That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against the Fuel or its sale proceeds, *in rem*,

pursuant to Rules C and D of the Supplemental Rules For Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

5. That notice of the commencement of this suit in manner approved by the Court be given to the owner, bailee, or custodian of the Fuel to any person, firm or corporation which has recorded a notice of claim of any undischarged lien upon the Fuel;

6. That, pursuant to Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Honorable Court enter an order authorizing a warrant for the arrest of the Fuel or its sale proceeds;

7. That a warrant issue for the arrest of the Fuel or its sale proceeds;

8. That judgment of condemnation and sale be entered against said Fuel and/or Plaintiff Royal Caribbean Cruises Ltd. be awarded ownership and/or possession of the Fuel or its sale proceeds, in whole or in part, pursuant to Rule D of the of the Supplemental Rules for Certain Admiralty and Maritime Claims;

9. That Defendants National Biofuels, L.P. and Enagra Inc., and all persons or entities claiming by, through or under National Biofuels, L.P. and Enagra Inc., subsequent to the commencement of the instant action, and every other person or entity whose right, title or interest in the Fuel was acquired subsequent or subsequently recorded thereto, be barred and forever foreclosed of any and all right, claim, lien, interest or equity of redemption of, in and to the Fuel;

10. That the Fuel be sold and the proceeds of the sale be applied to costs and expenses associated with this action, and then applied to payment of Plaintiff Royal Caribbean Cruises Ltd.'s claims, together with interest, attorneys' fees and expenses thereon, up to the time of payment;

11. That Defendants National Biofuels, L.P. and Enagra Inc. may be adjudged to pay the whole residue, or so much thereof as this Court may deem to be just and equitable, of the debt remaining unsatisfied after a sale of the Fuel or arrest of the sales proceeds and the application of the proceeds pursuant to the directions contained in such judgment;

12. That if Defendants National Biofuels, L.P. and Enagra Inc. cannot be found with this District, then all of such absent defendant's property of any description whatsoever located within this District be attached for up to the amounts sued for herein, and condemned and sold to pay the amounts due Plaintiff Royal Caribbean Cruises Ltd.; and

13. That this Court grant Plaintiff Royal Caribbean Cruises Ltd. such other and further relief which it may deem just and proper.

Dated: New York, New York
       May 14, 2007

HOLLAND & KNIGHT LLP

By: _____
Michael J. Frevola (MJF 8359)
Christopher G. Kelly (CGK 3865)
195 Broadway
New York, NY 10007-3189
Tel:  (212) 513-3200
Fax:  (212) 385-9010
*Attorneys for Plaintiff
Royal Caribbean Cruises Ltd.*

# VERIFICATION

STATE OF NEW YORK        )
                         :ss.:
COUNTY OF NEW YORK       )

MICHAEL J. FREVOLA, being duly sworn, deposes and says:

I am a member of the firm of Holland & Knight LLP, counsel for Royal Caribbean Cruises Ltd. ("RCL"), plaintiff in the foregoing action. I have read the foregoing Verified Amended Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by RCL and corresponded with RCL's representatives regarding this matter. I am authorized by RCL to make this verification, and the reason for my making it as opposed to an officer or director of RCL is that there are none within the jurisdiction of this Honorable Court.

_____
Michael J. Frevola (MJF 8359)

Sworn to before me this
14th day of May, 2007

_____
Notary Public

WALLIS BETH KARPF
Notary Public, State Of New York
No. 01KA6047092
Qualified In New York County
Commission Expires August 28, 20 10