RAKOFF.

Michael J. Frevola (MJF 8359)
Christopher G. Kelly (CGK 3865)
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200

ATTORNEYS FOR PLAINTIFF
ROYAL CARIBBEAN CRUISES LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-16-07

ROYAL CARIBBEAN CRUISES LTD.,

            Plaintiff,

      -against-

NATIONAL BIOFUELS, L.P. and
ENAGRA INC.

            Defendants.

07 Civ. 3353 (JSR)

**CONSENT**
**ORDER**

      **WHEREAS**, on or about April 26, 2007, Royal Caribbean Cruises Ltd. (hereinafter

"Plaintiff") filed this action against National Biofuels, L.P. ("NBF"), and obtained the issuance of

a Writ of Attachment and Garnishment and an Order for Issuance of a Writ of Attachment and

Garnishment dated on or about April 30, 2007; and

      **WHEREAS**, on or about May 15, 2007, Plaintiff subsequently amended its complaint to

add Enagra Inc. ("Enagra"), as an additional defendant (NBF and Enagra collectively will

hereinafter be referred to as "Defendants"), and obtained the issuance of an Amended Writ of

Attachment and Garnishment and an Order for Issuance of an Amended Writ of Attachment and Garnishment dated on or about May 16, 2007; and

**WHEREAS**, the Writ of Attachment and Garnishment and an Order for Issuance of a Writ of Attachment and Garnishment dated on or about April 30, 2007 and the Amended Writ of Attachment and Garnishment and an Order for Issuance of an Amended Writ of Attachment and Garnishment dated on or about May 16, 2007 (collectively referred to as the "Process of Maritime Attachment and Garnishment") were subsequently served on various garnishee banks in this district; and

**WHEREAS**, Plaintiff has attached funds that were being routed from or to accounts held by NBF or Enagra, Inc. in *at least* the collective sum of $5,490,874.08 (the "Security"), which Security presently is in the possession of the following garnishees: (1) the amounts of $258,890.00, $10,684.16 and $1,800,000.00 with Citibank, N.A.; (2) the amount of $2,000.00 with JPMorgan Chase; and (3) the amount of $3,419,299.92 with Deutsche Bank Trust Company Americas.

**WHEREAS**, the Plaintiff and the Defendants have agreed to a settlement of Plaintiff's claims;

**NOW**, pursuant to the subjoined consent of the attorneys for Plaintiff and Defendants:

**As to any portion of the Security held by Citibank N.A. (*e.g.*, the amounts of $258,890.00, $10,684.16 and $1,800,000.00) *plus* any interest earned, it is ORDERED** that all electronic fund transfers frozen by the garnishee banks in connection with the Process of Maritime Attachment and Garnishment issued in this proceeding are to be released and those

2

electronic fund transfers are to be immediately executed in accordance with the wiring instructions to be provided by Enagra on or before July 13, 2007;

As to any portion of the Security held by Deutsche Bank Trust Company Americas (*e.g.*, the amount of $3,419,299.92), *plus* any interest earned it is ORDERED that all electronic fund transfers frozen by the garnishee banks in connection with the Process of Maritime Attachment and Garnishment issued in this proceeding are to be released and those electronic fund transfers are to be executed in accordance with the wiring instructions under which those electronic fund transfers were originated;

As to any portion of the Security held by JPMorgan Chase (*e.g.*, the amount of $2,000.00) or any other garnishee holding the Security *plus* any interest earned, it is ORDERED that all electronic fund transfers frozen by the garnishee banks in connection with the Process of Maritime Attachment and Garnishment issued in this proceeding are to be released and those electronic fund transfers are to be executed in accordance with the wiring instructions under which those electronic fund transfers were originated; and it is further

ORDERED that should Plaintiff receive notice (from any person) of further funds frozen by garnishees pursuant to the Process of Maritime Attachment and Garnishment issued in this proceeding, this Consent Order likewise shall apply to all further funds frozen and release of such funds is directed without Plaintiff having to apply for a supplemental consent order, and all such frozen amounts shall be transferred in accordance with the original wire instructions or further order of this Court; and it is further

ORDERED that no garnishee shall release the Security or any other funds frozen by garnishees pursuant to the Process of Maritime Attachment and Garnishment issued in this proceeding except as specifically directed in this Order; and it is further

3

**ORDERED** that the Process of Maritime Attachment and Garnishment is vacated.

Dated:          July 12, 2007

HOLLAND & KNIGHT LLP, counsel for Plaintiff Royal Caribbean Cruises, Ltd.

By:
_____
Christopher G. Kelly
195 Broadway
New York, New York 10007
(212) 513-3516
(212) 385-9010 fax
Christopher.kelly@hklaw.com

LORD BISSELL & BROOK LLP, counsel for Defendant National BioFuels, L.P.

By:
_____
Kevin Walsh                   (KMW MPY 6083)
885 Third Avenue
26th Floor
New York, New York 10022
(212) 947-4700
(212) 947-1202
kwalsh@lordbissell.com

PILLSBURY WINTHROP SHAW PITTMAN LLP, counsel for Enagra Inc.

By:
_____
David M. Lindley
1540 Broadway
New York, New York 10036
(212) 858-1000
(212) 858-1500 fax
david.lindley@pillsburylaw.com

**SO ORDERED:**

_____          7/12/07
United States District Judge                    Date

4